(Reap. Dec. 8251)

HOHENBERG COMPANY, INC. *v.* UNITED STATES

Entry No. 709040, etc.

(Decided September 17, 1953)

*Fred Bennett* for the plaintiff.

*Warren E. Burger*, Assistant Attorney General, for the defendant.

MOLLISON, Judge: The appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, have all been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED:

1. That the merchandise covered by the appeals for reappraisement which are enumerated on Schedule A, attached hereto, is wool yarn which was imported from Belgium;

2. That the appraised value of each item of said merchandise covered by said appeals for reappraisement, less the addition made by the importer on entry because of advances by the appraiser in similar cases pending on appeal for reappraisement, is equal to the market value or the price at the time of exportation of said merchandise to the United States, at which such or similar merchandise was freely offered for sale for home consumption to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States;

3. That the market value or the price at the time of exportation of said merchandise to the United States, at which such or similar merchandise was offered for sale as referred to in paragraph 2 of this stipulation, but for exportation to the United States instead of for home consumption in the country from which exported, was not higher than the market value or the price at which such or similar merchandise was thus offered for sale for home consumption in that country;

4. That said appeals for reappraisement may be submitted for decision on this stipulation and on the invoices, entries and other official papers relating to the entry and appraisement of said merchandise covered by said appeals.

On the agreed facts I find the foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, as amended by section 8 of the Customs Administrative Act of 1938, to be the proper basis for the determination of the value of the merchandise here involved, and that such value was the appraised value of each item, less the addition made by the importer on entry because of advances by the appraiser in similar cases pending on appeal for reappraisement.

Judgment will be rendered accordingly.